## Good v. Intercourse Electric Light Company.

*Practice, C. P.—Statutory demurrer—Practice Act of May 14, 1915.*

Judgment will not be entered under the Practice Act of May 14, 1915, P. L. 483, on a point of law raised by affidavit where none of the material facts on which the defendant relies to sustain the question of law appear on the face of the statement.

Question of law raised by affidavit. C. P. Lancaster Co., Nov. T., 1920, No. 18.

*John M. Groff,* for plaintiff; *Charles W. Eaby,* for defendant.

LANDIS, P. J., Dec. 23, 1922.—On Oct. 11, 1920, the plaintiff issued a summons in trespass against the defendant company, and on June 8, 1922, he filed his statement, in which he averred that Earl Good, his minor son, aged twenty years, one month and ten days, had met his death while working for the defendant company in changing electric wires from one pin to the other on the cross-arms of the poles carrying the electric wires of the defendant company, and that the accident was caused by the negligence of the defendant company. He claimed for the loss of services during the minority of the said son, and for funeral expenses; also for other damages which he claimed to have sustained.

The defendant company filed an affidavit of defence raising a question of law. The allegation set forth therein is that the plaintiff appeared before Chester W. Cummins, Workmen's Compensation Referee, and, after a hearing, was allowed the sum of $100. It is not asserted that this money was ever paid, but it is claimed that the award was never appealed from.

It will be observed that none of the material facts upon which the defendant relies to sustain its question of law appear on the face of the statement. If a judgment is now entered as the defendant requests, the court is bound to accept the *ex parte* statements contained in the affidavit of defence as true. Questions of law authorized to be raised under section 20 of the Practice Act of May 14, 1915, P. L. 483, are in lieu of demurrer, and the facts contained in the statement are thereby confessed to be true, with the super-added claim that such facts are not sufficient to sustain the plaintiff's action.

It is evident that the defendant cannot in this way introduce its defence. It may be that what it asserts, if proven on the trial, will necessitate binding instructions in its favor; but we do not think that a summary judgment can be taken at this stage of the proceedings and under the circumstances as presented by the plaintiff.

We are of the opinion that the question of law is not properly raised. It is, therefore, overruled, and the defendant is permitted to file an affidavit of defence, if it sees fit, to the averments of fact contained in the statement within fifteen days.

From George Ross Eshleman, Lancaster, Pa.